Williams, J.,
 

 dissenting. The plaintiff in her petition, grounding her action upon two deposit accounts (which had previously been adjudged to belong solely to plaintiff’s decedent, Susan A. Corbett, at the time-of her death), alleges demand for payment of the amounts thereof and the wrongful refusal of payment by the defendant. In other words the gist of the action is the breach of the contracts of deposit. Under uncontradicted facts plaintiff, as executrix of the depositor, was entitled to the amounts on deposit and it was the contractual obligation of the defendant The Home Building & Savings Company, to pay the amounts due to the depositor’s executrix on demand. Consequently as a matter of law the refusal to pay on demand made, constituted a breach of the contracts of deposit.
 

 Judgment was rendered in favor of plaintiff for the full amount of the two deposit accounts together “with interest at the rate of three per cent (3%) per annum, payable semi-annually, plus interest at the rate of one-fourth per cent (14%) on the amounts due on said deposit accounts on June 30, 1939, June 30, 1940, and
 
 *129
 
 January 1, 1941.” This adjudication as to interest was based upon the resolutions of the board of directors. of the defendant company with respect to interest upon savings deposits.
 

 The sole question is the amount of interest due between the date of breach and the day of judgment. Plaintiff claims-that the rate should be 6. per cent instead of 3 per cent and per cent as allowed by the trial court. The right to interest and the rate of payment are not creatures of the common law. The right itself and the rate recoverable are fixed by contract between the parties or arise out of statute or may be a matter of both contract and statute.
 

 In Ohio interest is regulated by three statutory provisions which are:
 

 Section 8303, General Code: “The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum, payable annually.”
 

 Section 8304, General Code: “Upon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with the provisions of the next preceding section, interest shall be computed till payment at the rate specified in such instrument. ’ ’
 

 Section 8305, General Code: “In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction,
 
 *130
 
 the creditor shall be entitled to interest at the rate of six per cent per annum, and no more.”
 

 Section 8303, General Code, merely provides .that parties to a bond, bill, promissory note or other instrument of writing may stipulate the payment of interest at any rate not exceeding eight per cent per annum. This section has no bearing in the case at bar for the reason that it applies only to specified contracts which fix the rate of interest.
 

 Section 8304, General Code, relates to interest on judgments, decrees or orders rendered on any bond, bill, note or other instrument of writing which stipulates for interest as provided in Section 8303. Section 8304 likewise has no bearing here.
 

 In our judgment the rights of the parties herein are regulated by Section 8305, General Code, which applies
 
 inter alia
 
 to specified contracts in which no rate of interest is stipulated. These contracts (aside from the entries in'the passbooks) in so far as material are as follows:
 
 “We,
 
 the undersigned, do hereby severally agree to be governed and bound by the constitution, by-laws, rules and regulations of The Home Building & Savings Company of Toledo, Ohio, now in force or that may hereinafter he in force.” The rate was not fixed by the contracts but was determined from time to time by the board of directors. The doctrine of
 
 ejusdem generis,
 
 if applied, would restrict the meaning of the words, “other instrument of writing,” so as to include only such an instrument as is similar to a bond, bill or note; but this doctrine is never applied where other language of the same statute requires an unrestricted broad meaning and cannot be applied here for the reason that the statute refers, in addition, to a hook account and verbal contracts. Obviously a passbook is a book account in which the eniries are made by the party who received the money deposited and is admissible in evidence in an action against such financial institution. Then, the term
 
 *131
 
 “verbal contracts,” if the word verbal is used in its most comprehensive sense, is at least as broad as the term parol contracts, which latter includes all contracts both oral and written except specialties. A construction that would make the statute apply to all oral contracts and only certain written contracts would be anomalous. What purpose could there be in omitting a certain kind of written instrument? When all the language of the section is considered together it seems evident that the legislative intent was to cover contracts both oral and written. The meeting of minds between the depositor and depositee herein was evidenced by the language of the deposit contracts quoted above plus the passbooks which contained the book accounts. These together constituted verbal contracts between the parties in which the rate of interest was not stipulated. Upon breach of the contracts the depositor-depositee relation terminated as between the parties thereto, the right to determine the interest rate by resolution of the board of directors ceased and interest began to run as damages upon the amount due and payable on the contracts at the rate of six per cent in accordance with Section 8305. For the period after the breach, the amount of interest recoverable is for the court — not the board of directors.
 

 Hart, J., concurs in the foregoing dissenting opinion.